United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2313

_____

| | |
|---|---|
| Frederick Joseph Eccher, Jr., | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Michael L. Kemna; Jeremiah (Jay) W. | * Western District of Missouri. |
| Nixon, | * |
| | * [UNPUBLISHED] |
| Appellees. | * |

_____

Submitted:  March 6, 1998

Filed:  March 11, 1998

_____

Before  BOWMAN,  WOLLMAN,  and  MORRIS  SHEPPARD  ARNOLD,  Circuit
Judges.

_____

PER CURIAM.

Frederick Joseph Eccher, Jr. appeals from the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action asserting constitutional violations regarding his prison inmate account.  We affirm the judgment of the district court.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Mr. Eccher sued Michael Kemna, superintendent of the Western Missouri Correctional Center (WMCC),[2] contending that insurance proceeds intended for Mr. Eccher's minor son (of the same name) were sent to WMCC and deposited in Mr. Eccher's inmate account; that Mr. Kemna refused Mr. Eccher's request to send funds from his account to his son; and Mr. Kemna notified the state attorney general of the total amount in Mr. Eccher's account. The record shows the attorney general filed a petition in Missouri circuit court to recover funds expended for Mr. Eccher's incarceration, pursuant to the Missouri Incarceration Reimbursement Act (MIRA), Mo. Rev. Stat. §§ 217.825-217.841 (1994 & Supp. 1997). The state court denied Mr. Eccher's motion to dismiss the MIRA action, and ordered that funds from Mr. Eccher's account be transferred to the state. Mr. Eccher did not appeal that order.

Upon careful review of the record, we conclude summary judgment was proper as to Mr. Eccher's procedural due process claim because he had an adequate post-deprivation remedy under MIRA. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (neither intentional nor negligent unauthorized deprivations of property violate due process, if adequate state post-deprivation remedy exists). We reject as meritless the claims that Mr. Kemna's conduct was unconstitutional in other respects. We deny Mr. Eccher's request for appointment of counsel.

Accordingly, we affirm.[3]

---

[2]Mr. Eccher also sued Missouri Attorney General Jeremiah Nixon, but the district court dismissed him under 28 U.S.C. § 1915(d) (now codified at 28 U.S.C. § 1915(e)), prior to service of process, and Mr. Eccher does not appeal that ruling.

[3]Mr. Eccher's son was not a party to this action, and therefore we do not address his right, if any, to pursue an action to recover the insurance funds.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.